UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| STEPHEN RODGERS, )<br>)<br>Petitioner, )<br>v. )<br>)<br>BRUCE LEMON, Superintendent, )<br>)<br>Respondent. ) | No. 2:09-cv-138-WTL-TAB |

**Entry Discussing Petition for Writ of Habeas Corpus**

The writ Stephen Rodgers seeks in relation to the prison disciplinary proceeding identified as No. WVE 08-12-0076, in which it was determined that Rodgers had violated prison rules by his unauthorized use of a controlled substance, can be issued only if the court finds that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because Rodgers has not made such a showing, his petition for a writ of habeas corpus must be denied. The reason for this disposition is that the pleadings and the expanded record show that (1) the procedural protections required by *Wolff v. McDonnell,* 418 U.S. 539 (1974), were provided, (2) there was at least "some evidence" to support the decision of the conduct board as required by *Superintendent of Walpole v. Hill,* 472 U.S. 445 (1985); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient), and (3) the proceedings were not otherwise tainted by prejudicial error.

Construing the evidence most favorable to the finding of the conduct board, *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993), *cert. denied,* 115 S. Ct. 314 (1994), Rodgers submitted a sample of his own urine for a full drug screen on December 6, 2008, the chain-of-custody was followed, and the sealed specimen was sent to AIT Laboratories for analysis. Lab results received by the prison on December 10, 2008, indicated the presence of cannabinoids (THC) in Rodgers' urine.

Under *Wolff* and *Hill,* Rodgers received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Rodgers was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued written reasons for its decision and for the sanctions which were imposed.

Rodgers' arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief.

! Rodgers' first claim is that he was denied an impartial decision-maker because the hearing officer "ignored [the Petitioner's argument] that the conduct report was written several hours in advance of the actual receipt of" the lab results. The Hearing Officer reviewed all the evidence including the staff reports, the AIT lab report, a statement from Offender Bennett that Rodgers brought to the hearing and Rodgers' one-page written statement (Exhibits F 1-3). Rodgers argues that because the Hearing Officer did not believe his version of the events he was therefore biased against Rodgers. There is no documentation to support Rodgers' assertions. There is no evidence suggesting that Officer Storm pre-wrote the conduct report. Moreover, Rodgers is not challenging the validity of the test or the positive results. Rodgers has failed to show his case was dealt with in an improper way and there have been no violations of Rodgers' due process rights. Although a prisoner is entitled to a neutral and detached decision maker, *Redding v. Fairman,* 717 F.2d 1105, 1112-13 (7th Cir. 1983), a conduct board that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process. *Wolff,* 418 U.S. at 571.

! Rodgers' second claim is that prison regulations were violated. Apart from the nuances of this claim, the premise is that prison authorities violated state prison regulations and policies. This theory has been soundly rejected. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("Federal habeas corpus relief does not lie for errors of state law" because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The mere violation of a prison policy does not constitute a cognizable claim under § 2254. *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Rodgers to the relief he seeks. Accordingly, Rodgers' petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/17/2009

*William T Lawrence*
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana